UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 7<br>Case No. 18-10098-MSH |
| DONALD C. KUPPERSTEIN | ) ) | |
| Debtor | ) ) | |

**ORDER ON MOTION OF CREDITOR EXECUTIVE OFFICE OF HEALTH & HUMAN SERVICES TO EXTEND THE TIME TO FILE A COMPLAINT SEEKING TO DECLARE THE DEBT OWED BY THE DEBTOR TO BE NON-DISCHARGEABLE AND/OR TO FILE A COMPLAINT SEEKING TO DENY THE DEBTOR A DISCHARGE**

Pursuant to Rules 4004(b)(1) and 4007(c) of the Federal Rules of Bankruptcy Procedure, motions to extend the time for filing complaints objecting to discharge under Bankruptcy Code section 727 and to except a debt from discharge under section 523, respectively, must be "filed before the time has expired." The deadline for these complaints to be filed in this case was initially set as April 16, 2018 (the "d/d deadline").

On April 13, 2018, the Commonwealth of Massachusetts Executive Office of Health and Human Services ("EOHHS") filed a motion to extend the d/d deadline. The motion was filed on paper rather than electronically through the court's Electronic Case Filing (ECF) system because counsel for EOHHS was not registered to file through ECF.

Under the court's local rules appendix governing electronic filing, an attorney who appears in not more than three cases per year (such as EOHHS's counsel) is exempt from the ECF filing requirement and may personally or by an agent hand deliver documents to the clerk's office for filing. The rule requires that the document be scanned by the filing party "employing

1

equipment supplied and procedures as directed by Clerk's Office personnel." MLBR Appendix 8, Rule 1(d)(1).

When counsel for EOHHS presented the motion to extend the d/d deadline for filing at the clerk's office on April 13, 2018, the intake clerk took it from counsel and stamped it with court's date and time stamp. *See* Affidavit of Paul T. O'Neill at docket # 50 (the "O'Neill Affidavit"). The motion was not scanned electronically at the time it was filed.[1] When counsel returned to his office on April 13th he emailed a copy of the motion bearing the court's date and time stamp to counsel of record including debtor's counsel consistent with the certificate of service included on the motion. *See* O'Neill Affidavit. The motion was not placed on the case docket until May 15, 2018, almost a month after expiration of the d/d deadline.

The debtor opposes the EOHHS's motion to extend the d/d deadline because, based on the date of docketing, it was untimely under Rules 4004 and 4007. But the rules require the motion be filed, not docketed, before the deadline expires. Filing and docketing are distinct acts. The United States Supreme Court has held in the habeas context that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It is docketed when a court officer makes an entry about the pleading on the docket of the proceeding. *People v. Brooks*, 221 Ill. 2d 381, 390 (Ill. 2000). The EOHHS's motion, having been filed on April 13, 2018, was timely under the rules.

---

[1] The debtor asserts that EOHHS's counsel failed to comply with Rule 1(d)(1) in that he failed to scan the motion at the time he filed it in paper form. It appears that counsel did not scan the motion because he was not directed to do so by the court's intake clerk. Since the rule requires scanning "as directed by clerk's office personnel" counsel cannot be considered to have violated the rule when he was not so directed. In any event, I find that the failure to scan a paper-filed pleading does not render the filing invalid.

There was no prejudice to the debtor as a result of the docketing delay as the motion was served upon the debtor's counsel the same day it was filed. In any event, the rules do not require that a motion to extend the d/d deadline be responded to or acted upon prior to expiration of the deadline, only that it be filed prior thereto. Even if there had been a delay in the debtor's becoming aware of the motion so that his opposition was not filed until after the expiration of the d/d deadline, he would have suffered no substantive harm.

Last but not least, EOHHS's motion has merit. Even a cursory review of the extensive pleadings filed in this case to date indicates that the conduct of the debtor giving rise to the claims of the EOHHS has been confusing and often not transparent. The debtor, who is an attorney, has been held in contempt in state court proceedings on multiple occasions. Under the circumstances, an extension of time to enable the EOHHS to continue its investigation into the debtor's activities is entirely reasonable and appropriate.

For all of these reasons the motion is ALLOWED and the d/d deadline is extended to and including July 16, 2018.

By the Court,

Dated: June 4, 2018

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:	David G. Baker, Esq.
Law Office of David G. Baker
Boston, Massachusetts
  for the debtor, Donald C. Kupperstein

Paul T. O'Neill, Esq.
Massachusetts Executive Office of Health & Human Services
Boston, Massachusetts
  for Massachusetts Executive Office of Health & Human Services