UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 7<br>Case No. 18-10098-MSH |
| DONALD C. KUPPERSTEIN | ) ) |  |
| Debtor | ) ) |  |

**ORDER ON MOTION OF DEBTOR TO HOLD THE MASSACHUSETTS EXECUTIVE OFFICE OF HEALTH & HUMAN SERVICES IN CONTEMPT AND FOR SANCTIONS**

The debtor's motion to hold the Massachusetts Executive Office of Health & Human Services ("EOHHS") in contempt and for sanctions for violating the automatic stay imposed as a result of the filing of this bankruptcy case on January 11, 2018, came on for hearing before me on August 21, 2018. At the hearing, the parties agreed, and the docket in the Probate Court proceeding (Docket No. BR114P0127EA) confirms, that all proceedings in the Probate Court occurring after January 11, 2018, were initiated by the Probate Court. All proceedings involved the Probate Court's efforts to enforce its orders entered against the debtor in the nature of sanctions imposed upon the debtor for his repeated contempt of court.

A court's imposition and enforcement of a monetary sanction for contemptuous conduct is an exercise of its police power and is excluded from the automatic stay by Bankruptcy Code § 362(b)(4). *See In re Dignley*, 852 F.3d 1143 (9th Cir. 2017); *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993). Applicable First Circuit authority does not dictate a contrary conclusion. Mr. Baker's hearing argument that First Circuit precedent establishes that the police power exception to the automatic stay does not apply to "pecuniary matters" or "pecuniary actions" is a misstatement. The cases relied upon by Mr. Baker, including *In re Spooky World*, 346 F.3d 1 (1st Cir. 2003); *In*

1

*re McMullen*, 386 F.3d 320 (1st Cir.2004); and *In re Soares*, 107 F. 3d 969 (1st Cir. 1997) establish that the police power exemption from the automatic stay is inapplicable when the police power is exercised to further the governmental unit's "pecuniary interest" or for a "pecuniary purpose." This is a much narrower standard than the exercise of police power in connection with a pecuniary matter.

Any activity involving money is a pecuniary matter but not every activity involving money is an attempt to enforce a pecuniary interest. A court's imposition of a monetary sanction to punish misconduct and its subsequent efforts to enforce that sanction are not for a pecuniary purpose even though they involve the payment of money. *See Alpern*, 11 F.3d at 690 ("The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4)."). They are to uphold the dignity of the court and the judicial process, to punish bad behavior and to educate the public in the importance of obeying court orders. *See Chambers v. NASCO*, Inc., 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 86 U.S. 505, 510 (1897); *Young v. U.S. ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)) ("[I]t is firmly established that '[t]he power to punish for contempts is inherent in all courts . . .' This power reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'"); *Avelino-Wright v. Wright*, 742 N.E.2d 578, 582 (Mass. App. Ct. 2001) ("There is no question that both the power to sanction and the power of contempt are derived from the same source, namely the inherent power of a court to do what is necessary to secure the administration of justice . . . As such, the same act that obstructs or degrades the administration of justice or

derogates from the authority and dignity of the court may well be punishable either by contempt or by sanctions.").

As Judge Posner noted in *Alpern*:

A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss.

*Alpern*, 11 F.3d at 690.

Since the actions of the Probate Court (and for that matter the Land Court and the Superior Court in related actions insofar as they too may have involved the imposition and enforcement of sanction awards against the debtor) did not violate the automatic stay, EOHHS's involvement in those actions did not violate the stay.

The motion is DENIED.

So ordered.

By the Court,

Dated: August 22, 2018

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing: David G. Baker, Esq.
Law Office of David G. Baker
Boston, Massachusetts
  for the debtor, Donald C. Kupperstein

Paul T. O'Neill, Esq.
Massachusetts Executive Office of Health & Human Services
Boston, Massachusetts
  for Massachusetts Executive Office of Health & Human Services